IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JOAN PARKS SHRADER, Individually and as Trustee of the Testamentary Trust Created Under The Last Will and Testament of Hugh E. Shrader, Sr, JOHN SHRADER, and HUGH SHRADER | § § § § § § § § § § § § | C.A. No.1:23-cv-00096-H  JURY DEMAND |
| v. | | |
| RANCHLAND WIND PROJECT, LLC and RANCHLAND WIND PROJECT II, LLC | | |

## AMENDED COMPLAINT

Plaintiffs, Joan Parks Shrader, individually and as Trustee of the Testamentary Trust created under the Last Will and Testament of Hugh E. Shrader, Sr.; John Shrader; and Hugh Shrader, file this amended complaint against Defendants, Ranchland Wind Project, LLC and Ranchland Wind Project II, LLC, and show:

### I.

### Parties

1. Plaintiff, Joan Parks Shrader, is an individual and Trustee of the Testamentary Trust created under the Last Will and Testament of Hugh E. Shrader, Sr., and resides in Harris County, Texas.

2. Plaintiff, John Shrader, an individual, resides in Harris County, Texas.

1

3. Plaintiff, Hugh Shrader, an individual, resides Tarrant County, Texas.

4. Defendant, Ranchland Wind Project, LLC, is a Delaware Limited Liability Company, and has appeared herein.

5. Defendant, Ranchland Wind Project II, LLC, is a Delaware Limited Liability Company, and has appeared herein.

## II.

## Jurisdiction

6. This case was originally filed in the 42nd Judicial District of Callahan County, Texas, but was timely removed by Defendants based on diversity of citizenship. Jurisdiction is proper in this Court because Defendants are Delaware Limited Liability Companies and Plaintiffs reside in Texas, the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, the property at issue is located in Callahan County, Texas, and events made the basis of the claims occurred in Callahan County, Texas. 28 U.S.C. § 1332(a), 28 U.S.C. § 1441(a), and 28 U.S.C. § 1441(b).

## III.

## Venue

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in Callahan County, Texas, which is within the Northern District of Texas, Abilene Division.

## IV.

## Background Facts

8. In March of 2021 Joan Shrader ("Ms. Shrader") owned individually and as trustee seven tracts of land in Callahan County totaling approximately 390 acres ("the property"). In April of 2022 Ms. Shrader later conveyed an interest in the property to her sons John and Hugh Shrader individually and as trustees.

9. On March 21, 2021, Ms. Shrader as lessor and Ranchland Wind Project, LLC as lessee signed a "*Wind Energy Lease*" regarding 325 cares of the property ("the lease"). Paragraph 1 of the lease states that "Lessor hereby leases to Lessee and its successors and assigns, and Lessee hereby leases from Lessor . . . [the property] solely for wind energy purposes, and not for any other purpose." Paragraph 1 also states as follows:

> Among other things, this Lease includes (a) the exclusive right and easement on, over and across the Property for the free and unobstructed flow of wind currents and wind resources, together with the exclusive right to (i) develop, use, convert, maintain and capture such wind, (ii) convert wind energy into electrical energy and (iii) derive and keep all credits and income therefrom (subject to the payment of Rent to Lessor, as set forth below), and (b) exclusive right and easement to permit the rotors of Generating Units located on adjacent properties to overhang the Property.

Paragraph 7.4 of the lease states as follows:

> 7.4 Lessee's Obligation To Restore the Property.
>
> 7.4.1  Within six (6) months after completion of construction of Lessee's wind project, Lessee shall restore the surface of such portions of the Property that are disturbed by Lessee's Wind Operations to a condition reasonably similar to its condition as of the Effective Date, except for any parts of the Property that Lessee determines it needs for continuing Wind Operations.

10. On July 31, 2021, Matthew Larson as agent and/or acting on behalf of Defendants, and with actual or apparent authority, signed a document modifying the lease which states:

> Tree Type Count Pay Per Tree Grass replant LO's [landowners] will let us know seed mix. This writing in on a copy of the proposed roadway to be placed on the property. The document is also signed by "John and Hugh Shrader for Joan Shrader.

11. On November 18, 2021, Ranchland Wind Project, LLC assigned its rights under the lease to Ranchland Wind Project II, LLC.

12. In late 2021, Defendants damaged and/or removed over 1,200 trees from the property in such a way as to require payment per tree under the terms of the lease agreement and its modification, which to date Defendants have not paid. Also in late 2021, Defendants altered the surface of the property in such a way as to require restoration of the surface under the terms of the lease agreement and its modification, which to date Defendants have not restored.

## V.

## Causes of Action

13. Plaintiffs sue Defendants for breach of contract (namely, breach of the lease and its modification by the document signed on July 31, 2021) to recovery actual and special damages for the cost of each tree damaged and/or removed and for the restoration of the surface of the property. In this regard, Plaintiffs will show that, as for the July 31, 2021, document signed by Mr. Larson, that this document was signed by Mr. Larson as Defendants' agent, and/or that he was acting on behalf of Defendants when he signed the document, that he did

4

so with actual or apparent authority, that Defendants by their acts, words, and/or conduct approved of the document, that Defendants approved the document with full knowledge of the facts of the earlier acts related to the document and the lease, and that Defendants approved the document with the intention of giving validity to the document as part of the lease. Plaintiffs will also show that Defendants ratified and affirmed the document with full knowledge of all material facts and continued to accept the benefits under the lease and the document as one, and that Defendants recognized both documents as binding together, they manifested their intent to affirm both documents as one, and/or they continued to perform under both documents as one by manifesting a willingness to go on with both documents as one. In short, there was consideration for both the lease and the subsequent document signed by Mr. Lawson, and/or the document was accepted and/or ratified by the actions and words of Defendants.

14. Plaintiffs seek actual and special damages in an amount regarding the trees of over $2,000,000.00. Plaintiffs seek actual and special damages in an amount regarding the restoration of the property in an amount over $1,000,000.00.

15. Plaintiffs seek reasonable attorney's fees.

## VI.

## Jury Demand

16. A demand for jury was filed on March 12, 2023 (Doc. No. 4).

## PRAYER

WHEREFORE, Plaintiffs, Joan Parks Shrader, individually and as Trustee of the Testamentary Trust created under the Last Will and Testament of Hugh E. Shrader, Sr.; John Shrader; and Hugh Shrader, request a money judgment for actual and special damages against Defendants, Ranchland Wind Project, LLC and Ranchland Wind Project II, LLC. Plaintiffs also request a money judgment for attorney's fees and costs of court.

Respectfully submitted,

/s/Timothy A. Hootman
Timothy A. Hootman
SBN: 09965450
2402 Pease St
Houston, TX 77003
713.366.6229
thootman2000@yahoo.com


/s/Dan Fergus, Jr.
Dan Fergus, Jr.
SBN: 06908010
1049 North 3rd St., Ste. 200
Abilene, TX 79601
325.691.0370
fergus2400@aol.com


/s/Joshua R. Stein
Joshua R. Stein
SBN: 24079392
P.O. Box 890022
Houston, TX 77289
713.702.4585
josh.stein.esq@gmail.com

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document via the CM/ECF system, which will in turn send electronic notice of such filing to all counsel of record.

Dated: March 8, 2024.

                                                     /s/Timothy A. Hootman
                                                   Timothy A. Hootman